UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ADRIAN JOHNSON and RAY
BELARDINO on behalf of themselves
and those similarly situated,

CASE NO.:

        Plaintiffs,

vs.

FEDEX GROUND PACKAGE SYSTEM,
INC.,

        Defendant.                    /

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, ADRIAN JOHNSON and RAY BELARDINO, on behalf of themselves and those similarly situated, by and through undersigned counsel, files this against FedEx, FEDEX GROUND PACKAGE SYSTEM, INC., ("FedEx") and state as follows:

### NATURE OF THE CASE

1. FedEx ground shipping transports items all across the fifty states from Alaska to Hawaii. *See* https://www.fedex.com/en-us/shipping/ground.html.

2. As a central part of its business, FedEx contracts with incorporated independent service providers ("ISPs") to deliver packages to its customers through a standardized agreement (the "Agreement").

3. These ISPs, in turn, hire drivers like Plaintiffs here to deliver the

FedEx packages within the ISP's service areas.

4. However, even though Plaintiffs and the other drivers were nominally employed through ISPs, FedEx directed and controlled Plaintiffs and the other drivers work, dictating nearly every aspect of their delivery work. *See infra.*

5. As such, FedEx jointly employed Plaintiffs and these other similarly situated drivers and are liable for wage and hour compliance for these drivers.

6. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for FedEx's failure to pay Plaintiffs and other similarly situated drivers overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA.

7. Plaintiffs bring this suit as a collective action pursuant to Section 216(b) of the FLSA and seek to include all drivers who worked for Defendant in Florida through ISPs.

8. The Fair Labor Standard Act of 1938, 29 U.S.C. § 201 et, seq. ("FLSA") was enacted to ensure "the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a).

9. The FLSA establishes minimum wage and overtime requirements for covered employees to achieve this broad remedial purpose. 29 U.S.C. §§ 206, 207.

10. These provisions, and the private right of action granted to employees, prevent employers from pilfering rightfully earned wages of employees. *See*, *Billingsley v. Citi Trends Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25,

2014).

11.     As non-exempt employees, Plaintiffs are entitled to the applicable overtime wage for each hour suffered and permitted to work by FedEx. *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied*, 134 S.Ct. 62 (U.S. 2013) ("To be 'employed' includes when an employer 'suffer[s] or permit[s] the [employee] to work'").

12.     FedEx failed to pay Plaintiffs and those similarly situated drivers for all overtime hours worked, pursuant to a policy applicable to Plaintiffs and all similarly situated drivers whereby FedEx required its ISPs to pay the drivers as employees on a "day-rate" with no overtime premiums when Plaintiffs and those similarly situated drivers worked in excess of 40 hours per week.

13.     FedEx's policies, practice and conduct violates the FLSA, which requires non-exempt employees, such as Plaintiffs and other similarly situated drivers, to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

14.     Plaintiffs, Adrian Johnson and Ray Belardino, bring this collective action to recover the unpaid overtime wages owed to them and all other similarly situated drivers employed by FedEx through ISPs throughout Florida.

15.     Plaintiff Adrian Johnson's consent to join this Section 216(b) collective action is being filed contemporaneously with this action.

16.     Plaintiff Ray Belardino's consent to join this Section 216(b) collective action is being filed contemporaneously with this action.

## JURISDICTION AND VENUE

17. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

18. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).

19. Venue is proper in this judicial district because Plaintiffs' claims accrued in this judicial district.

20. Moreover, venue is proper in this judicial district because FedEx maintains an office and warehouse within this judicial district and Plaintiffs performed part of their work for FedEx in this judicial district.

## PARTIES

21. Plaintiff, Adrian Johnson, has worked for FedEx as a driver since 2015.

22. Plaintiff, Ray Belardino, worked for FedEx as a driver from 2010 to March 2019.

23. Plaintiffs performed work for FedEx, among other locations, out of FedEx's Ocala, Florida terminal.

24. Plaintiffs' jobs as drivers were to make local deliveries of goods which

had been transported in interstate commerce to customers of FedEx.

25. At all times relevant hereto, Plaintiffs have been current or former "employees" of FedEx as that term is defined by the FLSA, 29 U.S.C. §201 *et seq*, as they have suffered and been permitted to work delivering packages to FedEx customers from the FedEx terminals.

26. Defendant, FedEx, is a Delaware for-profit corporation that operates and conducts business in this county, as well as throughout Florida, and is therefore within the jurisdiction of this Court.

## FLSA COVERAGE

> "The requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages. *Id.*

A. *Employment Relationship*

27. The FLSA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee". 29 U.S.C. 203(d).

5

28. Through the operation of the FedEx website (www.fedex.com) customers throughout the United States can and do arrange for the transportation of goods and/or materials which are then shipped throughout the United States to each customer's intended address.

29. Workers who effectuate the transportation of FedEx's customers' goods, such as the drivers here, are integral to FedEx's business and must be managed by FedEx to ensure the fluid and consistent flow of its transportation system.

30. To ensure the highest customer service, satisfaction and companywide uniformity, FedEx dictates and directly manages the work of Plaintiffs' and other drivers' employment by, among other things:

    a. Requiring all drivers to complete an application on a computer at the FedEx office;

    b. Requiring all drivers to submit to a FedEx background check ;

    c. Requiring all drivers to submit to a driving test;

    d. Requiring all drivers to submit to a drug test;

    e. Requiring all drivers follow FedEx safety and delivery policies;

    f. Providing safety meetings for drivers;

    g. Requiring drivers to be terminated by their ISPs if they do not follow their safety and delivery policies;

    h. Requiring all drivers wear a FedEx uniform;

    i. Requiring all drivers to have a FedEx badge;

j. Requiring all drivers drive a truck that contains FedEx insignia and logos (except when extra trucks are rented due to volume exceeding capacity during the busy reason);

k. Requiring drivers to follow FedEx manager or personnel instructions about specific customer preferences or schedules;

l. Requiring drivers to follow all FedEx policies and procedures, for example:

   i. requiring customer signatures for certain packages;
   ii. using FedEx equipment and technology to perform deliveries; and
   iii. scanning each package with FedEx's scanner to upload into FedEx's system;

m. Requiring drivers to report to a FedEx terminal each delivery day to load packages;

n. Requiring drivers to deliver packages which are assigned by FedEx managers;

o. Requiring drivers to abide by delivery and pickup windows;

p. Requiring drivers to deliver packages on a specific route;

q. Requiring all drivers to remain at the terminal until all packages assigned are accounted for and the scanner closed out by FedEx managers/personnel;

r. Supervising the work of each driver on a daily basis;

      s. Evaluating the performance of each driver on a periodic basis; and

      t. Disciplining drivers up to and including termination.

31. The ISPs who contract with FedEx exist for the common business purpose of providing local delivery services to FedEx as an integral part of FedEx's business operation to deliver FedEx packages to its customers.

32. Stated differently, the ISPs simply provide a delivery driver labor force to FedEx, to further FedEx's core business objective of providing delivery service to its customers.

33. On information and belief, the ISPs are directly and solely dependent on their delivery contracts with FedEx.

34. On information and belief, the ISPs exclusively service FedEx full-time, and have no other clients.

35. On information and belief, the ISPs are solely dependent on payments made by FedEx to make regularly scheduled payroll to the Plaintiffs and similarly situated drivers.

36. On information and belief, each ISP was required to execute the standard FedEx Agreement, hire drivers as W-2 employees (ostensibly so FedEx can shift wage and hour compliance from FedEx to the ISPs), and pay drivers a "day rate" with no additional overtime compensation paid for overtime hours worked.

37. In this regard, the ISPs are little more than an administrator or employee leasing company for FedEx and an independent contractor in name only, dictating to drivers the policies and directives of FedEx in accord with the

Agreement.

38. Drivers, like Plaintiffs—and ISPs in general—are not required to have any special skills; the delivery of FedEx packages is the only service provided by drivers.

39. Because FedEx's sole business is to provide delivery services, it cannot operate its business without the drivers.

40. Plaintiffs and similarly situated drivers are dependent on FedEx, at a minimum, because FedEx provides: (i) all of the packages to deliver as part of its core business; (ii) delivery instructions including when, where, how and in what order to deliver the packages; and (iii) payment of wages through FedEx's payments under the delivery contracts with ISPs.

41. On information and belief, FedEx kept an employee file for each driver including contact information, employment information, history of complaints/issues for that driver, and training records of the driver.

42. Based on the foregoing, FedEx is an employer as defined under the FLSA

43. "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *See Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013).

44. Plaintiffs and the putative class members were employed by FedEx.

45. Specifically, Plaintiffs and the putative class members were suffered and permitted to work unloading FedEx packages and delivering those packages on

9

behalf of and for the sole benefit of FedEx.

46. FedEx jointly employed Plaintiffs and the putative class members as local delivery drivers throughout Florida.

### B. *Enterprise and Individual Coverage*

47. "The [FLSA] requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2017) (*citing Thorne v. All Restoration Svcs., Inc.*, 448 F.3d 1264, 1265 (11th Cir. 2006).

48. FedEx is an enterprise as defined within section 3(r)(1) of the FLSA, because at all times it operated a nationwide integrated logistics chain throughout all 50 states.

49. FLSA enterprise coverage requires that an enterprise have "employees engaged in commerce or in the production of goods for commerce," or have "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce." 29 U.S.C. § 203(s)(1)(A)(emphasis added); *See Polycarpe. V. E&S Landscaping Service, Inc.*, 616 F.3d 1217, 1222-26 (11th Cir. 2010). Additionally, the enterprise must have greater than $500,000 in "annual gross volume of sales made or business done." *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 WL 793660, at *2 n.6 (M.D. Fla. Mar. 24, 2008). Because today nearly all goods and materials are moved in or produced via interstate commerce, "virtually every business meeting the annual gross value requirement" is

subject to enterprise coverage. *Id.*

50. At all material times, FedEx have been an enterprise in commerce or in the production of goods for commerce and has at least two employees that handle or work on goods or materials that have been moved in or produced for commerce. 29 U.S.C. § 203(s).

51. FedEx provides local delivery of products and goods that are transported throughout the United States.

52. FedEx is engaged in commerce, and Plaintiffs, and all those similarly situated, regularly handle goods or materials that have been moved in or produced for commerce, when delivering the goods to customers.

53. At all times relevant hereto, FedEx had an annual gross volume of sales or did business of more than $500,000.00 per year.

54. Therefore, at all material times relevant to this action, FedEx was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## WAGE VIOLATIONS

55. Through the ISPs, Plaintiffs and the other drivers were only paid a day rate with no additional overtime compensation paid for their overtime hours worked.

56. Under the FLSA, workers paid a "day rate" are entitled to additional overtime compensation for overtime hours worked. *See* 29 U.S.C. § 778.112.

57. Additionally, Plaintiffs and the similarly situated drivers here are not

exempt under the FLSA as each drove vehicles during their employment with FedEx that had a Gross Vehicle Weight Rating of less than 10,000 pounds.

58. The purported "day rate" paid to drivers failed to compensate drivers at a rate of one and one half (1.5) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

59. FedEx also failed to keep accurate records of the hours Plaintiffs and those similarly situated drivers worked each week.

## COLLECTIVE ACTION ALLEGATIONS

60. Plaintiffs bring this lawsuit pursuant to section 216(b) of the FLSA as a collective action on behalf of themselves and the following class:

> All drivers who were paid a "flat rate" / "day rate" and who worked for FedEx through any ISP in Florida within the three year period preceding the filing of this Complaint (the "Class").

61. Plaintiffs and class members have all been victimized by FedEx's common policy, plan and conduct to violate their rights under the FLSA by denying them all compensation due and owing for all hours worked in a given workweek.

62. The ISPs who collectively "employ" Plaintiffs and the Class are each under the control of FedEx to deliver FedEx's goods throughout the state.

63. Plaintiff and the Class are jointly employed by FedEx to deliver the packages that are integral to FedEx's business. *See supra.*

64. During the course of their employment, Plaintiffs and the Class regularly worked in excess of forty (40) hours in individual workweeks.

65. FedEx failed to pay Plaintiffs and the Class the overtime premium of

one and a half times their regular rate of pay for all time worked in excess of forty hours in individual work weeks.

66. Instead, FedEx, through its controlled ISPs, paid Plaintiffs and the Class purported "day rates," based on the number of days they worked, irrespective of the number of hours they worked each week.

67. FedEx, through its common policies, dictated the manner and means in which Plaintiffs and the Class performed their jobs. *See supra.*

68. Plaintiffs and the Class are owed overtime wages by FedEx.

69. The specific job titles or precise job responsibilities of each class member does not prevent collective treatment.

70. All class members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

71. All class members, irrespective of the ISP(s) through whom they were employed by FedEx, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

72. Although the exact amount of damages may vary across class members, the damages for class members can be easily calculated by a formula.

73. The claims of all class members arise from a common nucleus of facts.

74. Liability is based on a systematic course of wrongful conduct by FedEx through the policies and practices described above that caused harm to all class members.

75. These policies and/or practices were uniformly applicable to Plaintiffs and the Class.

76. Application of these policies and/or practices does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit.

77. Rather, the same policies and/or practices which resulted in the non-payment of overtime to Plaintiffs applied and continues to apply to all class members, regardless of which ISP they were paid through.

78. FedEx knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the C.

79. FedEx did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

80. During the relevant period, FedEx violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

81. FedEx has acted willfully in failing to pay Plaintiffs and the class members in accordance with the law.

82. FedEx has failed to maintain accurate records of Plaintiffs' and the

class members' work hours in accordance with the law.

83.   Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

    a. The time of day and day of week on which the employees' work week begins;

    b. The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

    c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

    e. The hours worked each workday and total hours worked each workweek;

    f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

    g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

    h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage

       assignments;

    i. The dates, amounts, and nature of the items which make up the total additions and deductions;

    j. The total wages paid each pay period; and

    k. The date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

84. FedEx has not complied with federal law and has failed to maintain such records with respect to Plaintiffs and the Class.

85. Because FedEx's records are inaccurate and/or inadequate, Plaintiffs and class members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

## COUNT I

### Violation of the FLSA – Overtime Wages
*Plaintiffs on behalf of themselves and similarly situated employees*

86. Plaintiffs incorporate and re-allege paragraphs 1 through 88 as though set forth herein.

87. FedEx has violated the FLSA by its failure to pay Plaintiffs and the Class one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in a work week.

88. FedEx directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

89. The Class was also directed to work in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

90. Plaintiffs and the Class are entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

91. FedEx did not pay Plaintiffs and the Class overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

92. FedEx's failure to pay Plaintiffs and the Class overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA.

93. FedEx failed to keep adequate records of Plaintiffs' and the Class' work hours and pay in violation of section 211(c) of the FLSA. 29 U.S.C. § 211(c).

94. Plaintiffs and the Class are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because FedEx's violation of the FLSA was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment against FedEx as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of all unpaid overtime wages owed to Plaintiffs and the Class;

    C.    Liquidated damages in the amount equal to the unpaid overtime wages owed to Plaintiffs and the Class;

    D.    Reasonable attorneys' fees and costs of this action as provided by the FLSA;

    E.    Such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: April 19, 2019.

Respectfully submitted,

*/s/ Andrew R. Frisch*
ANDREW R. FRISCH, ESQ.
FL BAR NO. 027777
AFrisch@forthepeople.com
**MORGAN & MORGAN, P.A.**
600 N. PINE ISLAND ROAD, SUITE 400
PLANTATION, FL 33324
T: (954) WORKERS; F: (954) 327-3013

C. Ryan Morgan, Esq.
FL Bar No. 0015527
RMorgan@forthepeople.com
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
T: (407) 418-2069; F: (407) 245-3401

Brian D. Gonzales, Esq.
(*to be admitted pro hac vice*)
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

Dustin T. Lujan
(*to be admitted pro hac vice*)
LUJAN LAW OFFICE
1603 Capitol Ave, Suite 310 A559
Cheyenne, Wyoming 82001
Telephone: (970) 999-4225
wyoadvocate@gmail.com

*Trial Counsel for Plaintiff, and all others similarly situated*