**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

ADRIAN JOHNSON and RAY
BELARDINO,

    Plaintiffs,

v.                                                  Case No: 5:19-cv-196-Oc-30PRL

FEDEX GROUND PACKAGE SYSTEM,
INC.,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the parties' submissions on whether joinder of the opt-in Plaintiffs satisfies Federal Rule of Civil Procedure 20. (Dkts. 53 and 56). The Court, having reviewed the parties' briefs and being otherwise advised in the premises, concludes that joinder is improper. All claims, other than those alleged by the named plaintiffs, Adrian Johnson and Ray Belardino, are dismissed without prejudice. In addition, Plaintiffs' Amended Complaint is dismissed without prejudice so that they may file a second amended complaint with their individual claims.

## BACKGROUND

Plaintiffs, Adrian Johnson and Ray Belardino, filed suit against Defendant for failure to pay drivers overtime wages under the Fair Labor Standards Act ("FLSA"). Defendant contracts with independent service providers ("ISPs") to deliver packages to its customers. The ISPs hire drivers, like Plaintiffs in this case, to deliver the packages within

the ISP's service areas. Plaintiffs allege that, even though they were employed through ISPs, Defendant jointly employed Plaintiffs and are liable for wage and hour compliance.

Plaintiffs brought this suit as a collective action and 19 more drivers opted into the lawsuit. Defendant moved to dismiss the collective action allegations because of an earlier-filed nationwide collection action that has been conditionally certified and encompasses the class in this case. Plaintiff argued that dismissal was inappropriate and that additional class members should continue to be allowed to opt into this case. The Court concluded that dismissal of the collective action allegations was appropriate. The Court further concluded that, according to *Mickles v. Country Club, Inc.*, 887 F.3d 1270, 1276 (11th Cir. 2018), the persons who opted into this lawsuit became Plaintiffs to this action. But, because this action is no longer a collective action, the Court stated that Plaintiffs need to satisfy the joinder requirements under Federal Rule of Civil Procedure 20 and directed Plaintiff to file a brief explaining why joinder of the opt-in Plaintiffs satisfies Rule 20.

**DISCUSSION**

To support joinder under Federal Rule of Civil Procedure 20, Plaintiffs must establish (1) a right to relief arising out of the same transaction or occurrence, or a series of transactions or occurrences, and (2) that the claims share a common factual or legal basis. *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002). The requirements for permissive joinder under Rule 20 is a more stringent standard than the standard for joining a collective action under 29 U.S.C. § 216(b). *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) ("We hold that section 216(b)'s 'similarly situated' requirement is

2

less stringent than that for joinder under Rule 20(a) or for separate trials under Rule 42(b)."). "And, this Court enjoys considerable discretion to sever claims when the interests of judicial economy so require, even when the technical requirements of Rule 20 are met." *Lasseter v. Restaurant Delivery Developers, LLC*, No. 8:18-cv-1912-T-33TGW, 2018 WL 4091987, at *3 (M.D. Fla. Aug. 28, 2018); *see also Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013).

Here, Plaintiffs assert that the requirements for joinder under Federal Rule of Civil Procedure 20 are satisfied because they each assert the same claim, were employed as non-exempt drivers for Defendant, and worked overtime hours for which Defendant failed to pay. On the other hand, Defendant argues that Plaintiffs are subject to different compensation policies set by different employers. Defendants contend that Plaintiffs are paid by ISPs, not Defendant, and that it does not control ISPs' decisions concerning compensation. Defendant further asserts that there are varying pay structures and that whether the FLSA overtime requirements apply is dependent upon the type of the vehicle used to make the delivery and the type materials that were transported. As such, Defendant asserts that the requirements for joinder are not satisfied because the alleged FLSA violations do not relate to or arise out of the same series of transactions or occurrences and that Plaintiffs have not shown that there is a common question of law or fact. The Court agrees with Defendant.

Upon review of the parties' submissions, the Court concludes that Plaintiffs failed to show that the requirements of Rule 20 are satisfied. According to the affidavits submitted, Plaintiffs are hired by and work for different ISPs at different locations

3

throughout Florida. In addition, Plaintiffs are paid by different ISPs. And, as Defendant points out, while Plaintiffs claim that Defendant controls various aspects of their working conditions, Plaintiffs do not show that Defendant controlled the ISPs' decisions concerning compensation. Accordingly, the Court concludes that Plaintiffs failed to show that the alleged FLSA violation arises from the same transaction or occurrence and that their claims share a common factual or legal basis as required under Rule 20.

It is therefore ORDERED AND ADJUDGED that:

1. All claims, other than the claims of Adrian Johnson and Ray Belardino, are dismissed without prejudice. The statute of limitations for any claim asserted in this case is deemed tolled for a period of thirty (30) days from the date of this Order.

2. Adrian Johnson and Ray Belardino are directed to file a second amended complaint containing only their claims within fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of February, 2020.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

4