UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ADRIAN JOHNSON and                          CASE NO.: 5:19-cv-00196-JSM-PRL
RAY BELARDINO on behalf of themselves and
those similarly situated,

       Plaintiffs,

v.

FEDEX GROUND PACKAGE SYSTEM, INC.,

       Defendant.

---

**FEDEX GROUND'S RULE 19(A) BRIEF IN SUPPORT OF MOTION TO JOIN
SERVICE PROVIDERS AS REQUIRED PARTIES**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................... ii

INTRODUCTION ................................................................................................... 1

RELEVANT FACTS ............................................................................................... 2

ARGUMENT .......................................................................................................... 3

I.     THE SERVICE PROVIDERS HAVE AN INTEREST IN THIS DISPUTE
AND DISPOSING OF THE ACTION IN THEIR ABSENCE WILL IMPAIR
OR IMPEDE THEIR ABILITY TO PROTECT THEIR INTERESTS ...................... 4

     A.    The Service Providers Must Be Joined Because They Have Direct
Contractual Rights and Obligations at Issue ....................................... 5

     B.    The Service Providers are Required Because They Are an "Active
Participant" in the Alleged Wrongdoing, Not Because They Are Joint
Tortfeasors ...................................................................................... 10

     C.    The Service Providers Must Be Joined Because FedEx Ground and the
Service Providers Do Not Have Identical Interests ......................... 12

II.    IF THE SERVICE PROVIDERS ARE NOT BOUND BY THIS
JUDGMENT, FEDEX GROUND MIGHT BE SUBJECT TO MULTIPLE
OR INCONSISTENT OBLIGATIONS ................................................................. 14

III.   PLAINTIFFS AND FEDEX GROUND CANNOT OBTAIN COMPLETE
RELIEF WITHOUT THE SERVICE PROVIDERS ............................................ 15

     A.    The Plaintiffs Cannot Obtain Complete Relief Without the Service
Providers ......................................................................................... 15

     B.    FedEx Ground Cannot Obtain Complete Relief Without the Service
Providers ......................................................................................... 17

CONCLUSION ..................................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*,
   515 F.3d 1150 (11th Cir. 2008) ........................................................................ 13

*Barow v. OM Fin. Life Ins. Co.*,
   No. 8:11-cv-00159-T-33TBM, 2011 WL 2649987
   (M.D. Fla. July 6, 2011) ................................................................................. 12

*Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*,
   669 F.2d 667 (11th Cir. 1982) ........................................................................ 12

*Dominguez v. True Help Servs., Inc.*,
   No. 6:18-cv-1656-Orl-40EJK, 2019 WL 5110646
   (M.D. Fla. Aug. 1, 2019) ............................................................................. 7, 8

*Focus on the Family v. Pinellas Suncoast Transit Auth.*,
   344 F.3d 1263 (11th Cir. 2003) ............................................................. 3, 8, 11

*Freeman v. Northwest Acceptance Corp.*,
   754 F.2d 553 (5th Cir. 1985) ..................................................................... 10, 11

*Gilliand v. Koch Trucking, Inc.*,
   No. JRM 11-3073, 2015 WL 2395148
   (D. Md. May 19, 2015) ......................................................................... 5, 6, 7, 14

*Green v. Harbor Freight Tools USA, Inc.*,
   888 F. Supp. 2d 1088 (D. Kan. 2012) ............................................................. 16

*Haas v. Jefferson Nat'l Bank*,
   442 F.2d 394 (5th Cir. 1971) ......................................................................... 11

*HDR Eng'g, Inc. v. R.C.T. Eng'g, Inc.*,
   No. 08-81040-CIV, 2010 WL 2402908
   (S.D. Fla. June 15, 2010) ................................................................................ 5

*Hernandez v. Sephora USA, Inc.*,
   No. 16-cv-05392-WHO, 2017 WL 956653
   (N.D. Cal. Mar. 13, 2017) .............................................................................. 16

*In re Fisher Island Invs., Inc.*,
   778 F.3d 1172 (11th Cir. 2015) ........................................................................ 8

*Itzep v. Target Corp.*,
   No. SA-06-CA-568-XR, 2010 WL 2278349
   (W.D. Tex. June 4, 2010).................................................................................. 13

*Jackson v. Advanced-Pro Commc'ns*,
   No. 5:10-cv-210-Oc-32GRJ, 2010 WL 11623571
   (M.D. Fla. July 7, 2010)...................................................................................... 8

*Jacobsen v. Luckenbach S.S. Co.*,
   201 F. Supp. 883 (D. Or. 1961) .......................................................................... 5

*Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*,
   11 F.3d 399 (3d Cir. 1993) .............................................................................. 8, 9

*Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil Inc.*,
   456 F. Supp. 831 (D. Del. 1978).......................................................................... 5

*Laker Airways, Inc. v. British Airways, PLC*,
   182 F.3d 843 (11th Cir. 1999) ...................................................................... 11, 12

*Mattera v. Clear Channel Commc'ns, Inc.*,
   239 F.R.D. 70 (S.D.N.Y. 2006) .................................................................... 15, 16

*Nat'l Union Fire Ins. Co. of Pittsburgh v. Rite Aid of S.C., Inc.*,
   210 F.3d 246 (4th Cir. 2000) .............................................................................. 5

*Owens-Illinois, Inc. v. Meade*,
   186 F.3d 435 (4th Cir. 1999) ............................................................................ 14

*Pycsa Panama, S.A. v. Tensar Earth Techs., Inc.*,
   No. 06-20624-CIV-GOLD/TURNOFF, 2006 WL 8432715
   (S.D. Fla. Dec. 20, 2006) ................................................................................. 10

*Solfisburg v. Glenco, Inc.*,
   No. 18-cv-10266-IT, 2019 WL 4770951
   (D. Mass. Sept. 30, 2019) ................................................................................... 5

*Sullivan-Blake v. FedEx Ground Package System, Inc.*,
   No 18-1698, 2020 WL 518139
   (W.D. Pa. Jan. 31, 2020)............................................................................ 8, 9, 12

*Tell v. Trs. of Dartmouth Coll.*,
   145 F.3d 417 (1st Cir. 1998).............................................................................. 12

*Temple v. Synthes Corp., Ltd.*,
   498 U.S. 5 (1990).............................................................................................. 10

*Thompson v. Med-Mizer, Inc.*,
   No. 10-CV-2058, 2012 WL 5987552
   (E.D. Pa. Nov. 30, 2012) ................................................................................ 10

*Trantham v. Am. Cable & Tel., Inc.*,
   No. 6:09-cv-1147-Orl-31DAB, 2009 WL 3299816
   (M.D. Fla. Oct. 13, 2009) ................................................................................ 8

*Travelers Indem. Co. v. Household Int'l, Inc.*,
   775 F. Supp. 518 (D. Conn. 1991) ................................................................. 5

*United States v. Janke*,
   No. 09-14044-CIV, 2009 WL 2525073
   (S.D. Fla. Aug. 17, 2009) .............................................................................. 10

*Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*,
   746 F.3d 1008 (11th Cir. 2014) ...................................................................... 3

**STATUTES**

29 U.S.C. § 201 ................................................................................................... 1

29 U.S.C. § 255 ................................................................................................. 13

**RULES**

Federal Rule of Civil Procedure 19 ........................................................... passim

**OTHER AUTHORITIES**

7 Charles Alan Wright & Arthur R. Miller,
   *Federal Practice & Procedure* § 1604 (3d Ed. 1998) .................................... 4

The independent businesses (Service Providers) that employ the Plaintiffs are required parties that must be joined to this case. Pursuant to Federal Rule of Civil Procedure 19(a), FedEx Ground Package System, Inc. (FedEx Ground) respectfully requests an order from the Court joining to this case the Service Providers that employ (or have employed) the Plaintiffs. The list of those Service Providers appears in Exhibit A.

## **INTRODUCTION**

Plaintiffs Adrian Johnson and Ray Belardino claim that they were not paid overtime compensation by their employer in accordance with the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Johnson and Belardino were employed by Service Providers such as Sunshine Freight Transport Inc. and Mr. Hook Trucking, independent businesses that contracted with FedEx Ground to provide local pickup and delivery services. (Ex. A). Although Johnson and Belardino do not dispute that they were directly employed by Service Providers, they sued only FedEx Ground, on behalf of themselves and a class of drivers who were employed by other Service Providers that contracted with FedEx Ground.

FedEx Ground moves for the Court to join Johnson's and Belardino's Service Providers because they are required parties under Rule 19(a). The Service Providers have direct contractual rights and obligations at issue, do not have identical interests to FedEx Ground, and must be joined so that they can protect their interests. Moreover, the Service Providers should be joined to avoid subjecting FedEx Ground to inconsistent obligations, and so that the Plaintiffs and FedEx Ground can be accorded complete relief. For all of these reasons, FedEx Ground requests that the Court join the Service Providers listed in Exhibit A to this litigation.

## RELEVANT FACTS

FedEx Ground is a federally-registered motor carrier that offers pickup and delivery services. Since its inception, FedEx Ground has relied on independent contractors—not its own employees—to provide such services between FedEx Ground's customers and its package-sorting facilities. Customers contract with FedEx Ground for pickup and delivery of packages, and FedEx Ground contracts with thousands of small businesses whose employees carry out the physical pickup and delivery of packages.

The Service Providers contract with FedEx Ground under an "Independent Service Provider Agreement" (ISPA). Under ISPAs, Service Providers are known as Independent Service Providers, but FedEx Ground will refer to them as Service Providers for short. Under their contracts with FedEx Ground, the Service Providers retain the discretion to manage their businesses as they wish, as well as the responsibility for operating those businesses in compliance with federal and state law. As relevant here, the Service Providers, not FedEx Ground, have full discretion over the compensation of their employees, and they "assume sole responsibility for payroll deductions and maintenance of payroll and employment records, and for compliance with Applicable Law, including … wage payment, final payment of wages, required withholding from wages, deductions, overtime, and rest and meal periods." (Decl. of Richard White ¶ 15, ECF No. 57-1).[1] Further, the ISPAs obligate the Service Providers to indemnify and hold FedEx Ground harmless against any liabilities

---

[1] As the Court recognized recently, "while Plaintiffs claim that Defendant controls various aspects of their working conditions, Plaintiffs do not show that Defendant controlled the ISPs' decisions concerning compensation." (Order at 4, ECF No. 59.)

arising from all claims brought against FedEx Ground if the Service Providers fail to comply with any laws applicable to their businesses, including the federal and state wage-and-hour laws. (*Id*.)

Given the contractual allocation of responsibilities between FedEx Ground and the Service Providers, as well as the Service Providers' contractual indemnity obligations, the Service Providers are ultimately financially responsible if they did not pay their employees in accordance with the FLSA. Moreover, the Service Providers—and not FedEx Ground—have the documents and evidence necessary to contest the Plaintiffs' FLSA allegations.

## <u>ARGUMENT</u>

Federal Rule of Civil Procedure 19(a) provides that all required parties must be joined in a lawsuit unless joinder is not feasible because of service of process, subject-matter jurisdiction, or venue. Fed. R. Civ. P. 19 & advisory committee's note to the 1966 amendment. A party is "required" under Rule 19(a) if <u>one</u> of the following criteria is met:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1); *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1039 (11th Cir. 2014).

In deciding "whether the party in question should be joined, pragmatic concerns, especially the effect on the parties and the litigation, control." *Focus on the Family v.*

*Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003) (quotation marks omitted). "By its very nature Rule 19(a) calls for determinations that are heavily influenced by the facts and circumstances of individual cases." 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1604 (3d Ed. 1998).

Here, Plaintiffs' Service Providers are required parties under Rule 19(a) because the Service Providers have direct contractual interests at issue, FedEx Ground and the Service Providers do not have identical interests, the Service Providers cannot protect their interests without joinder, FedEx Ground risks being subject to multiple or inconsistent obligations if the Service Providers are not joined, and the Plaintiffs and FedEx Ground cannot be accorded complete relief without the Service Providers. Additionally, the Service Providers are subject to service of process, subject-matter jurisdiction, and venue in this district, and thus their joinder is feasible. Accordingly, the requirements of Rule 19(a) are met and the Service Providers should be joined to this lawsuit.

## I.  THE SERVICE PROVIDERS HAVE AN INTEREST IN THIS DISPUTE AND DISPOSING OF THE ACTION IN THEIR ABSENCE WILL IMPAIR OR IMPEDE THEIR ABILITY TO PROTECT THEIR INTERESTS

The Service Providers are required parties because failing to join them will "as a practical matter impair or impede [their] ability to protect [their] interest[s]." Fed. R. Civ. P. 19(a)(1)(B)(i). The Service Providers' direct contractual rights and obligations are at issue in this litigation and, without joinder, they cannot adequately defend and protect those rights and obligations. In addition, FedEx Ground and the Service Providers do not have identical interests because FedEx Ground can pursue indemnification against the Service Providers. In those subsequent indemnification proceedings, the Service Providers may be bound by

determinations made in this proceeding. Accordingly, the Service Providers should be joined so that they can protect those interests.

### A.     The Service Providers Must Be Joined Because They Have Direct Contractual Rights and Obligations at Issue

The Service Providers have direct contractual rights and obligations at issue and therefore must be joined to this litigation. It is the Service Providers, not FedEx Ground, that directly contract with Plaintiffs. In fact, the lawsuit centers on the contractual obligations between Plaintiffs and the Service Providers.

"Parties to a contract are [required and] indispensable when a suit <u>concerns the rights and obligations afforded by the contract</u>." *HDR Eng'g, Inc. v. R.C.T. Eng'g, Inc.*, No. 08-81040-CIV, 2010 WL 2402908, at *2 (S.D. Fla. June 15, 2010) (emphasis added); *see Nat'l Union Fire Ins. Co. of Pittsburgh v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 252 (4th Cir. 2000) ("[A] contracting party is the paradigm of an indispensable party." (quoting *Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F. Supp. 518, 527 (D. Conn. 1991)); *Solfisburg v. Glenco, Inc.*, No. 18-cv-10266-IT, 2019 WL 4770951, at *5 (D. Mass. Sept. 30, 2019) (holding that contracting parties are required when "a suit concerns the rights and obligations afforded by the contract" (quoting *HDR Eng'g, Inc.*, 2010 WL 2402908, at *2)); *Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil Inc.*, 456 F. Supp. 831, 836 n.7 (D. Del. 1978) ("In general, where rights sued upon arise from a contract, all parties to the contract must be joined."); *Jacobsen v. Luckenbach S.S. Co.*, 201 F. Supp. 883, 889 (D. Or. 1961) ("[A]ll parties [to a contract] are deemed indispensable and should be joined.").

*Gilliand v. Koch Trucking, Inc.*, No. JRM 11-3073, 2015 WL 2395148 (D. Md. May 19, 2015), is instructive on this point. In *Gilliand*, the plaintiffs—bus drivers and bus

attendants—sued their employers—the school board and several bus companies—under the FLSA. *Id.* at *1. The school board was granted Eleventh Amendment immunity from litigation in federal court and was dismissed from the case. *Id.* After the school board was dismissed, the defendant bus companies moved to dismiss the lawsuit under Rule 19(b), asserting that the school board was a required party and, because it could not be joined, the plaintiffs should not proceed in federal court. *Id.* at *1-2. The *Gilliand* court agreed, reasoning that the school board had a "direct interest" in the dispute because it was involved in the employment contracts with the bus drivers, was the subject of allegations in the complaint, and "approved and maintained the 'Time and Mileage' sheets which set the plaintiffs' hours." *Id.* at *4-5. *Gilliand* expressed concern that two courts would reach different conclusions concerning the employment contracts, which would cause the kind of "incongruous results" that are grounds for finding that an absent party is required. *Id.* at *5. As the court held, "[w]ere this case to proceed without the School Board, [the court] would necessarily need to interpret and rule on liability under the employment contracts, an issue on which the School Board very much has an interest." *Id.* at *4. Ultimately, the court dismissed the case, leaving the plaintiffs to refile their case in state court where the school board could be sued. *Id.* at *7.

Like the school board in the *Gilliand* case, the Service Providers are parties to Plaintiffs' compensation contracts, maintain Plaintiffs' schedules, and are responsible for developing and implementing pay policies and practices relating to Plaintiffs. Plaintiffs in this case are directly employed by the Service Providers and the allegations in the complaint relate to the <u>Service Providers'</u> pay practices, not FedEx Ground's pay practices (of which

there are none toward Plaintiffs). (Amended Complaint ¶¶ 12-13, 59, 79, 84, 86, ECF No. 21).[2]

Moreover, the Service Providers' contracts with FedEx Ground require that the Service Providers "assume sole responsibility" for payroll, wage payment, deductions, overtime, and rest and meal periods. (Decl. of Richard White ¶ 15, ECF No. 57-1). The Service Providers, like the school board in *Gilliand*, therefore have direct contractual interests that could be impaired or impeded in their absence.

Although *Dominguez v. True Help Servs., Inc.*, No. 6:18-cv-1656-Orl-40EJK, 2019 WL 5110646 (M.D. Fla. Aug. 1, 2019), held that an unnamed potential joint employer was not a required party in an FLSA case, *Dominguez*'s logic actually supports FedEx Ground's argument. In *Dominguez*, plaintiffs filed an FLSA case <u>against the party that indisputably employed and paid them</u>. There, the unnamed party, the Florida Agency for Health Care Administration (AHCA), contracted with the defendant-employers to provide services. Accordingly, the Service Providers in this case are like the defendant-employer in *Dominguez*—a business that directly employs and pays the plaintiffs' wages; they are not

---

[2] (Amended Complaint ¶ 12, ECF No. 21 ("FedEx failed to pay Plaintiffs and those similarly situated drivers for all overtime hours worked, pursuant to a policy applicable to Plaintiffs and all similarly situated drivers whereby FedEx required its ISPs to hire drivers as employees through the ISPs, not FedEx."); ¶ 13 ("However, as further explained below, FedEx jointly employed these drivers and is liable for overtime compensation owed to the Plaintiffs and drivers."); ¶ 59 ("On information and belief, each ISP was required to execute the standard FedEx Agreement to hire drivers as W-2 employees."); ¶ 79 ("Through the ISPs, Plaintiff and the other drivers were only paid a flat rate with no additional overtime compensation paid for their overtime hours worked."); ¶ 84 ("Plaintiff brings this lawsuit ... on behalf of themselves and the following class: All drivers ... who worked for FedEx through any ISP in Florida ...."); ¶ 86 ("Regardless of the ISP through which Plaintiffs and the Class worked, each is similarly under the control of FedEx ....").)

like the party the defendant sought to join. That unnamed party, the AHCA, is like FedEx

Ground—a business that contracts with the named defendant for services. *Dominguez* and

FedEx Ground's argument both follow the same principle: FLSA plaintiffs must sue the

party that directs their pay.[3]

Plaintiffs will likely direct this Court to the Western District of Pennsylvania's recent

ruling in *Sullivan-Blake v. FedEx Ground Package System, Inc.*, No 18-1698, 2020 WL

518139 (W.D. Pa. Jan. 31, 2020), where the court denied FedEx Ground's Rule 19(a) motion

to join required parties subject to personal jurisdiction and Rule 19(b) motion to dismiss the

remaining parties, but that court's ruling is not binding and is distinguishable. There, the

court was governed by Third Circuit precedent that conflicts with the pragmatic, case-by-

case approach to Rule 19 employed by the Eleventh Circuit. *See Focus on the Family*, 344

F.3d 1263 at 1280 (emphasizing that the Eleventh Circuit's Rule 19 analysis focuses on

"pragmatic concerns" and the effects on the parties). Most importantly, for purposes of Rule

19, the Third Circuit does not distinguish between joint tortfeasors and individuals with

obligations under a contract, finding both are not required parties under Rule 19. *See Janney*

---

[3] Two other Middle District of Florida courts held that the unnamed potential joint employers in FLSA cases were not required, but those courts did so <u>because the defendants did not even address the Rule 19 criteria</u>. *See Jackson v. Advanced-Pro Commc'ns*, No. 5:10-cv-210-Oc-32GRJ, 2010 WL 11623571 (M.D. Fla. July 7, 2010); *Trantham v. Am. Cable & Tel., Inc.*, No. 6:09-cv-1147-Orl-31DAB, 2009 WL 3299816 (M.D. Fla. Oct. 13, 2009). A party moving under Rule 19 has the burden of proving that the absent party is required. *In re Fisher Island Invs., Inc.*, 778 F.3d 1172, 1194 (11th Cir. 2015). In *Trantham*, the defendant "ha[d] not addressed <u>any</u> of these [Rule 19] considerations in its Motion." *Trantham*, 2009 WL 3299816, at *2 (emphasis in original). And in *Jackson* the defendant "failed to produce any evidence (or for that matter advance any argument)" that the Rule 19 requirements had been satisfied. *Jackson*, 2010 WL 11623571 , at *3. Because FedEx Ground's Rule 19 motion advances arguments and provides evidence, it is not analogous to the *Trantham* or *Jackson* cases.

8

*Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 409 (3d Cir. 1993) ("[W]e see no logical distinction that would justify treating contract actions differently than tort actions for purposes of compulsory joinder."). And, for that reason, the *Sullivan-Blake* court did not consider the implication of the Service Providers' contractual obligations when evaluating whether the court could provide complete relief among the existing parties, whether the Service Providers' had a direct stake in the litigation, and whether FedEx Ground would be subject to inconsistent obligations.

Moreover, the *Sullivan-Blake* court misapplied Third Circuit precedent. *Sullivan-Blake* held that it could not determine whether the Service Providers had a direct interest in the litigation because it was "premature" to consider whether FedEx Ground could seek indemnification from the Service Providers. *Sullivan-Blake*, 2020 WL 518139, at *3. It relied on Third Circuit precedent holding that issue preclusion is complex and the court would not "theorize" about whether issue preclusion would apply. *Id.* (citing *Janney Montgomery Scott*, 11 F.3d at 407); *see also Janney Montgomery Scott*, 11 F.3d at 410. But there is no need to engage in any issue-preclusion analysis in this case: Under the relevant agreement, the Service Providers are <u>required</u> to indemnify FedEx Ground. For those reasons, the outcome in this case should not and cannot follow the decision in *Sullivan-Blake*.

Ultimately, the Service Providers' interests and contract obligations are at the heart of this matter, and the Service Providers cannot protect those interests if they are not joined. Plaintiffs in this case target FedEx Ground for the Service Providers' actions, which is why plaintiffs suing for overtime pay under the FLSA must sue the party that determines and disburses their pay. As the Fifth Circuit has held, an absent party is required under Rule 19

when the plaintiffs "seek to impose liability on [the defendant] not for its own acts, but for those of [the absent party]." *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985).

> **B.    The Service Providers are Required Because They Are an "Active Participant" in the Alleged Wrongdoing, Not Because They Are Joint Tortfeasors**

Plaintiffs might argue that FedEx Ground and the Service Providers are simply "joint tortfeasors" and that "joint tortfeasors" are not required parties under Rule 19(a). *See, e.g.*, *Thompson v. Med-Mizer, Inc.*, No. 10-CV-2058, 2012 WL 5987552, at *2 (E.D. Pa. Nov. 30, 2012) ("[J]oint tortfeasors are not generally considered necessary parties."). But that argument ignores that FedEx Ground is not arguing that the Service Providers are required simply because joint employers—if FedEx Ground is shown to be one—are jointly liable under the FLSA. Nor are they "joint tortfeasors" as the case law describes it. And even if they were, the Service Providers are "active participant[s]" in the alleged wrongdoing, making them "required" parties under Rule 19(a).

Turning to the first point, FedEx Ground and the Service Providers are <u>not</u> joint tortfeasors, such that the cases holding that "joint tortfeasors" are not required parties govern. Those cases address <u>tort liability</u>, such as fraud, defective design and manufacture of a medical device, products liability, and negligence. *See, e.g.*, *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5 (1990); *United States v. Janke*, No. 09-14044-CIV, 2009 WL 2525073 (S.D. Fla. Aug. 17, 2009); *Pycsa Panama, S.A. v. Tensar Earth Techs., Inc.*, No. 06-20624-CIV-GOLD/TURNOFF, 2006 WL 8432715 (S.D. Fla. Dec. 20, 2006). They do not address the specific, practical circumstances of a case involving FLSA allegations, joint-employment

disputes, and contractual obligations. The Court should decide whether to join the Service Providers based on "pragmatic concerns, especially the effect on the parties and the litigation," *Focus on the Family*, 344 F.3d at 1280 (quotation marks omitted), not based on factually dissimilar tort cases.

Second, even if Plaintiffs show that FedEx Ground and the Service Providers are joint tortfeasors, the Service Providers are still required parties under Rule 19(a). Eleventh Circuit precedent holds that "a joint tortfeasor will be considered a necessary party when the absent party 'emerges as an active participant' in the allegations made in the complaint that are 'critical to the disposition of the important issues in the litigation.'" *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 848 (11th Cir. 1999) (quoting *Haas v. Jefferson Nat'l Bank*, 442 F.2d 394, 398 (5th Cir. 1971)); *see also Freeman*, 754 F.2d at 559 (holding that the court must join an unnamed party when it is the "active participant" in the wrongdoing). For instance, a joint tortfeasor is required when the "claims necessarily require that a court evaluate [the unnamed party's] conduct in relation to [the named defendant], thereby substantially implicating [the unnamed party's] interests." *Laker Airways*, 182 F.3d at 848. This is true even when the plaintiffs' claim does not "directly implicate" the unnamed party "because there would be no order directed at [the unnamed party]." *Id.* In this case, the Plaintiffs sue FedEx Ground even though the Service Providers are the active participants in the alleged wrongdoing and have interests that are directly at stake. For that reason, even if

FedEx Ground and the Service Providers are labeled joint tortfeasors, the Service Providers are still required parties.[4]

In sum, there is no bright-line rule in the Eleventh Circuit that "joint tortfeasors" are not required. Rule 19 "eliminate[d] [the] formalistic labels that restricted many courts from an examination of the practical factors of individual cases." *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982) (quotation marks omitted). Accordingly, the Service Providers should be joined.

### C.   The Service Providers Must Be Joined Because FedEx Ground and the Service Providers Do Not Have Identical Interests

The Service Providers must be joined so that they can defend their own interests. FedEx Ground and the Service Providers do not have identical interests, and "without a perfect identify [sic] of interests, a court must be very cautious in concluding that a litigant will serve as a proxy for an absent party." *Tell v. Trs. of Dartmouth Coll.*, 145 F.3d 417, 419 (1st Cir. 1998). "[An] absent party is adequately represented in the suit … if there is another party in the suit with virtually identical interests," but that is not the case when parties' interests diverge. *Barow v. OM Fin. Life Ins. Co.*, No. 8:11-cv-00159-T-33TBM, 2011 WL 2649987, at *2 (M.D. Fla. July 6, 2011).

The Service Providers do not have identical interests to FedEx Ground because the Service Providers risk additional exposure for damages. The FLSA has a three-year statute of

---

[4] This is another point where Eleventh Circuit and Third Circuit law diverge. According to the Western District of Pennsylvania, in the Third Circuit, a party is simply not required if it has joint-and-several liability with a named party. *See, e.g.*, *Sullivan-Blake v. FedEx Ground Package Sys., Inc.*, No. 18-1698, 2020 WL 518139, at *2 (W.D. Pa. Jan. 31, 2020). The Eleventh Circuit considers whether the unnamed party was an "active participant" in the alleged wrongdoing. *See Laker Airways*, 182 F.3d at 848.

limitations for willful violations and a two-year statute of limitations for other violations. 29 U.S.C. § 255(a). If this court holds that FedEx Ground and the Service Providers are joint employers, FedEx Ground will argue that if there is any willfulness, it was the willfulness of the Service Providers—and not FedEx Ground. The Service Providers submit annual certifications to FedEx Ground stating that they are in compliance with the FLSA and other laws (Decl. of Richard White ¶¶ 20-21, ECF No. 57-1); thus, FedEx Ground could not have willfully violated the law when it was reasonably relying on those certifications. *See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1155 (11th Cir. 2008) (holding that a "willful" violation of the FLSA means that the defendant "either knew or showed reckless disregard for whether its conduct was prohibited by the FLSA").

In addition, under their contractual agreements, the Service Providers must indemnify FedEx Ground for any liability related to the Service Providers' pay practices (Decl. of Richard White ¶ 15, ECF No. 57-1). *See Itzep v. Target Corp.*, No. SA-06-CA-568-XR, 2010 WL 2278349, at *22-24 (W.D. Tex. June 4, 2010) ("The Court finds that the FLSA does not preempt a contractual agreement between joint employers concerning the allocation of risk and obligation under the FLSA," upholding an indemnification agreement requiring a party to indemnify the other for any violations of the FLSA). And, for that reason, FedEx Ground will seek to hold the Service Providers liable for any FLSA liability that results from this lawsuit. FedEx Ground and the Service Providers therefore do not have identical interests, which underscores why the Service Providers must be joined.

## II.    IF THE SERVICE PROVIDERS ARE NOT BOUND BY THIS JUDGMENT, FEDEX GROUND MIGHT BE SUBJECT TO MULTIPLE OR INCONSISTENT OBLIGATIONS

Although only one Rule 19(a) factor needs to be met to establish that a party is required, Rule 19(a)(1)(B)(ii) is also satisfied here. The Service Providers are required parties because, without them, FedEx is "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B)(ii). If FedEx Ground is found liable in this lawsuit and has to file separate proceedings to pursue its contractual indemnification rights, the Service Providers could potentially argue that they were not bound by a judgment reached in their absence. In that circumstance, FedEx Ground will have to re-litigate the questions of joint employment and whether the Service Providers' pay practices complied with the FLSA. This re-litigation could result in inconsistent obligations being imposed on FedEx Ground (for example, if FedEx Ground were found to be a joint employer of certain Service Providers' employees but then, in a later proceeding, it was found that FedEx Ground was not in fact a joint employer). "The possibility that two courts would reach different conclusions regarding the identical employment contracts and factual allegations are the kind of 'incongruous results' that … are 'grounds for finding a non-joined party necessary.'" *Gilliand*, 2015 WL 2395148, at *5 (quoting *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 441 (4th Cir. 1999)). Joining the Service Providers as required parties will eliminate this risk.

As another example of potential inconsistent obligations, without joinder, FedEx Ground and the Service Providers might have a breach-of-contract dilemma. If this Court finds that the Service Providers' pay practices did not comply with the FLSA, FedEx

14

Ground could terminate its contracts with the Service Providers because those contracts require the Service Providers to comply with all state and federal wage and hour laws. The Service Providers would have violated the contracts and FedEx Ground would not want to expose itself to further liability. But, if the Service Providers are not joined, they might challenge the contract termination in a separate proceeding. Depending on the outcome of that proceeding, FedEx Ground might be liable for breach of contract for acting on this Court's decision concerning wage and hour violations.

## III.   PLAINTIFFS AND FEDEX GROUND CANNOT OBTAIN COMPLETE RELIEF WITHOUT THE SERVICE PROVIDERS

The Service Providers also are required parties under Rule 19(a)(1)(A) because "in [their] absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Neither Plaintiffs nor FedEx Ground can achieve complete relief unless the Service Providers are joined.

### A.   The Plaintiffs Cannot Obtain Complete Relief Without the Service Providers

The Court cannot accord complete relief to the Plaintiffs without joining the Service Providers for two reasons. First, the Service Providers control, decide, and disburse the Plaintiffs' pay. FLSA plaintiffs must bring the employer that determines their pay into the FLSA litigation to achieve complete relief. *See Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 76 (S.D.N.Y. 2006). If FLSA violations are established, it is the Service Providers that will have to change their employment and wage practices to comply with the FLSA.

In *Mattera*, a federal court addressed a similar issue: A putative class contended that money was being unlawfully deducted from their wages, but they sued subsidiaries that did not control their wages or compensation. *Id.* at 72, 76-77. The court held that the parent company—which controlled compensation and maintained employment files—was a required party to the litigation. *Id.* at 76-77. As the court recognized, "It is difficult to see how [the claimants] could be accorded complete relief without [the absent party], the entity that employs and, moreover, pays and makes charge backs to the wages of, members of the putative class." *Id.* at 76. In this case, the Plaintiffs allege that their pay violates the FLSA. Thus, the Service Providers that employ and pay each driver must be joined to this litigation so that the Plaintiffs can be accorded complete relief.

Second, if Plaintiffs establish FLSA violations but do not prove that FedEx Ground employs them, they will likely not recover months of overtime compensation from the Service Providers because a subsequent claim against the Service Providers might be barred by the statute of limitations. And any Plaintiffs that have stopped working for Service Providers might lose their right to recover entirely. Under the FLSA, the statute of limitations tolls once a plaintiff has opted into the litigation and "begins to run again if the court later decertifies the collective action." *Green v. Harbor Freight Tools USA, Inc.*, 888 F. Supp. 2d 1088, 1105 (D. Kan. 2012). "There is no language in the FLSA that provides for tolling the claims of former opt-in plaintiffs following decertification." *Id.* at 1105-06. If a suit is still timely, Plaintiffs' recovery against the Service Providers would still be limited. "[B]ecause the FLSA statute of limitations runs backwards from the date of filing, [plaintiffs] would lose out on months of potential liability and damages." *Hernandez v.*

16

*Sephora USA, Inc.*, No. 16-cv-05392-WHO, 2017 WL 956653, at *5 (N.D. Cal. Mar. 13, 2017).

### B.   FedEx Ground Cannot Obtain Complete Relief Without the Service Providers

FedEx Ground cannot obtain complete relief unless the Service Providers are joined for two reasons. First, if the Service Providers are not joined, FedEx Ground will have to use many third-party subpoenas to obtain information necessary to contest Plaintiffs' allegations. FedEx Ground does not possess documents showing Plaintiffs' pay or schedules, and will have to initiate considerable third-party discovery against the Service Providers to effectively defend itself. These costly measures would not be necessary if the Service Providers were joined and were subject to discovery obligations as a party.

Second, if the Service Providers are not joined and FedEx Ground is deemed liable, FedEx Ground will have to initiate separate proceedings to pursue its contractual indemnification rights against the Service Providers. Although FedEx Ground would argue in those proceedings that the Service Providers should be bound by what happens in this case, that is not a guarantee and the question of joint employment and FLSA violations may be re-litigated because the Service Providers were not parties to this lawsuit. Complete relief requires that the Service Providers be joined to this lawsuit so that they are bound by the Court's determinations.

### <u>CONCLUSION</u>

FedEx Ground, for all of the reasons stated above, respectfully requests that the Court join the Service Providers (listed in Exhibit A) that employ the Plaintiffs as required parties under Federal Rule of Civil Procedure 19(a).

Dated: March 16, 2020                         Respectfully submitted,


                                              */s/ Jessica G. Scott*
                                              Jessica G. Scott *(admitted pro hac vice)*
                                              WHEELER TRIGG O'DONNELL LLP
                                              370 Seventeenth Street, Suite 4500
                                              Denver, CO 80202-5647
                                              Telephone:   303.244.1800
                                              Facsimile:   303.244.1879
                                              Email:   scott@wtotrial.com

                                              Lisa McGlynn (Florida Bar No. 0056327)
                                              FISHER & PHILLIPS, LLP
                                              101 E. Kennedy Boulevard, Suite 2350
                                              Tampa, FL 33602
                                              Telephone:     813.769.7500
                                              Facsimile:     813.769.7501
                                              Email:   lmcglynn@fisherphillips.com

                                              Attorneys for Defendant
                                              FedEx Ground Package System, Inc.

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that on March 16, 2020, I electronically filed the foregoing **FEDEX GROUND'S RULE 19(A) BRIEF IN SUPPORT OF MOTION TO JOIN SERVICE PROVIDERS AS REQUIRED PARTIES** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

- **Andrew Ross Frisch**
  afrisch@forthepeople.com, knobles@forthepeople.com, MTheisen@forthepeople.com, compliancewatch@forthepeople.com

- **C. Ryan Morgan**
  rmorgan@forthepeople.com, csilva@forthepeople.com, iortiz@forthepeople.com, sclark@forthepeople.com, compliancewatch@forthepeople.com

- **Gregory R. Schmitz**
  gschmitz@forthepeople.com, csilva@forthepeople.com, iortiz@forthepeople.com, salbright@forthepeople.com

- **Brian D. Gonzales**
  bgonzales@coloradowagelaw.com

- **Dustin T. Lujan**
  wyoadvocate@gmail.com

*/s/ Jessica G. Scott*