UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ADRIAN JOHNSON and RAY
BELARDINO,

    Plaintiffs,

v.                                            Case No: 5:19-cv-196-Oc-30PRL

FEDEX GROUND PACKAGE SYSTEM,
INC.,

    Defendant.

## ORDER

In this Fair Labor Standards Act case, Defendant FedEx Ground Package System, Inc., seeks sanctions against Plaintiff Ray Belardino for failing to produce discovery responses. (Doc. 64). For the following reasons, the sanction of dismissal is denied at this time, but Belardino is directed to produce the requested discovery and pay the Defendant's costs and fees for the motion.

**I.    Background**

On December 26, 2019, FedEx served discovery requests on Plaintiffs Johnson and Belardino. (Doc. 64-2, 64-3). On January 23, 2020, Belardino's counsel requested an extension until February 14, 2020 to respond and FedEx agreed. (Doc. 64-4). On February 14, Plaintiffs' counsel requested another three to four days to provide Johnson's responses and another week for Balardino's. (Doc. 64-5). On March 5, FedEx still had not received Belardino's discovery responses and asked his attorney for an update. Belardino's counsel said that Belardino had been quiet so he sent a letter the week before warning that FedEx may move to dismiss for failure to comply with discovery. Then, on March 12, FedEx asked Belardino's counsel for another update and learned that Belardino had been ill. (Doc. 64-6). As of March 23, however, Belardino had

produced no discovery responses or documents and FedEx's initial discovery request had been pending for nearly 90 days. Now, FedEx asks this Court to sanction Belardino by dismissing his complaint with prejudice. (Doc. 64).

## II. Discussion

A district court may sanction a party for improper conduct by dismissing its complaint with prejudice. *Lambert v. Worldwide Mktg. Techs. Corp.*, 708 F. App'x 559, 562 (11th Cir. 2017). However, dismissal with prejudice is "an extreme sanction that may be properly imposed only when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005) (quoting *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 144, 1456 (11th Cir. 1995)).

"[A]ll that is required to demonstrate willfulness, bad faith, and fault is 'disobedient conduct not shown to be outside the control of the litigant.'" *Fitzgerald v. Gillis*, No. 5:13CV261/MW/EMT, 2015 WL 4976536, at *7 (N.D. Fla. July 23, 2015), *report and recommendation adopted*, No. 5:13CV261-MW/EMT, 2015 WL 4975290 (N.D. Fla. Aug. 20, 2015) (quoting *Henry v. Gill Indus., Inc.*, 983 F.2s 943, 948 (9th Cir. 1993)). Here, the "willful contempt" that FedEx argues Belardino engaged in is requesting multiple extensions, not communicating with his counsel about the discovery requests, and ultimately failing to produce the discovery. Although Belardino's conduct has caused unnecessary delay, it does not yet rise to the level of willful contempt that would warrant a dismissal. *Betty K. Agencies Ltd.*, 432 F.3d at 1338.

While his discovery responses remain outstanding, his attorney has sought and received generous extensions from the Defendant. Defendant, in turn, while entitled to the discovery, has

not sought and obtained a motion to compel. Belardino has not violated a court order, though he has nonetheless been required to respond to the requests.[1]

Belardino's counsel submits that Plaintiff Johnson (who is Belardino's stepson) reports that Belardino was sick and out of work with bronchial pneumonia (Doc. 70). This assertion, made by Belardion's attorney, gives the Court pause in recommending a dismissal (especially since the attorneys had been communicating about extensions and no motion to compel was sought), but the claim is largely unsubstantiated. Belardino has not attached an affidavit or medical records to support that he was sick or how his sickness prevented him from complying with discovery in a case he initiated for a period of 90 days. Indeed, while being sick could explain his lack of responses, without more it alone does not explain failing to produce any discovery for the entire period.

Even so, under the totality of the circumstances Belardino's conduct (while moving close to it) does not yet justify a dismissal at this time. *Clark v. Keen*, 346 F. App'x 441, 442 (11th Cir. 2009) ("[A] [v]iolation of a discovery order caused by simple negligence, misunderstanding, or

---

[1] Notably, the violation of a court order is a significant factor in determining what sanctions are appropriate for failing to participate in discovery. *See, e.g.*, *Lyle v. BASF Chemistry, Inc.*, 802 F. App'x 479, 479 (11th Cir. 2020) (deciding that dismissal with prejudice was appropriate when "[t]he district court had amended its discovery deadlines three times to give Lyle more time to respond, and each time, she failed to submit complete and adequate responses to the defendants' discovery requests. At the in-person hearing her attorney admitted that her responses were not adequate and also told the court that, at least as to discovery about her medical history, Lyle intended to continue providing inadequate responses"); *Clark v. Keen*, 346 F. App'x 441, 442–43 (11th Cir. 2009) (finding that dismissal was appropriate when plaintiffs willfully failed to comply with the court's discovery orders); *Hashemi v. Campaigner Publications, Inc.*, 737 F.2d 1538, 1538–39 (11th Cir. 1984) (finding that dismissal was appropriate when the appellant "defied proper notices, confirmed agreements and court orders"); *Moore v. Walgreens Co.*, No. 5:14-CV-670-OC-30PRL, 2015 WL 6438295, at *2 (M.D. Fla. Oct. 22, 2015) (finding attorney's fees and costs an appropriate sanction when the plaintiff failed to appear for his properly noticed deposition on at least two separate occasions and flagrantly disregarded the court's explicit order); *Fitzgerald v. Gillis*, No. 5:13CV261/MW/EMT, 2015 WL 4976536, at *8 (N.D. Fla. July 23, 2015), *report and recommendation adopted*, No. 5:13CV261-MW/EMT, 2015 WL 4975290 (N.D. Fla. Aug. 20, 2015) (finding dismissal without prejudice an appropriate sanction when the plaintiff disregarded the court's discovery orders).

inability to comply will not justify a Rule 37 . . . dismissal.") (quoting *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993)). Although a sanction of dismissal will not be imposed at this time, Belardino is obligated to comply with discovery and is reminded that "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." MIDDLE DISTRICT DISCOVERY (2015) at 3. Belardino should remain in contact with his attorney to discuss any issues he has with the discovery requests to avoid further potential sanctions.

Because the discovery is due and owing, and because FedEx was required to file this motion to obtain some action by Belardino, Plaintiff will be compelled to produce his responses and, under Fed. R. Civ. P. 37, pay the fees and costs incurred by FedEx for filing the motion.

### III.   Conclusion

Accordingly, FedEx's motion is denied as to its request for dismissal, but granted to the extent that Plaintiff Belardino **shall** respond to the requests for discovery on or before **June 1, 2020** and **shall pay all costs and fees** incurred by FedEx in making the current motion. Belardino should expect that any failure by him to comply with this Order will result in the **dismissal of his claim.**

FedEx should file the appropriate motion to collect expenses under Rule 37(a)(5)(A) within ten days, and Belardino may file a response within seven days thereafter.

**DONE** and **ORDERED** in Ocala, Florida on May 15, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties